## Roig *v.* El Registrador de la Propiedad.

**Recurso** gubernativo contra nota del Registrador de la Propiedad de Humacao.

No. 100.—Resuelto en octubre 11, 1911.

Servidumbre—Terceros—Inscripción Posterior a Favor de Otra Persona.—Los preceptos del artículo 17 de la Ley Hipotecaria que prohiben la inscripción de títulos translativos de dominio o que contenga gravamen cuando existe una inscripción posterior a favor de otra persona, no tienen otro propósito y alcance que la protección de los terceros, que es el objetivo de la Ley Hipotecaria, así es que si la persona en cuyo favor está hecha la inscripción no es un tercero, no podrá aplicarse ese precepto legal.

Id.—Constitución de Servidumbre por el Causante—Partición y Adjudicación del Predio Sirviente a Favor de los Herederos.—De acuerdo con la doctrina contenida en el párrafo anterior, constituída una servidumbre por el causante sobre la totalidad de una finca, la cual por muerte de dicho causante pasa a sus herederos y uno de éstos inscribe la parte que le ha sido adjudicada como finca propia, como este heredero no es un tercero sino que es la continuación de la personalidad del causante, dicha inscripción no impide el que el dueño del predio dominante obtenga que se inscriba dicha servidumbre sobre la parte que el heredero inscribió a nombre propio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Por escritura pública de 15 de noviembre de 1896, Don Rodulfo Leoncio Pérez y Polanco, dueño entonces de la hacienda ''Providencia'' radicada en el término Municipal de Humacao, segregó de ella y vendió a Don Antonio Roig Torrellas, una parcela de doce cuerdas de terreno con los edificios y maquinarias que en estos existían, conviniéndose por la cláusula sexta de ese contrato, que el vendedor se obligaba a permitir por los terrenos de su finca ''Providencia'' y sin perjuicio de sus plantaciones, los caminos que el comprador considerase necesarios.

Esta venta fué inscrita en el Registro de la Propiedad de Humacao y también la servidumbre establecida en la cláusula mencionada, tanto con relación al predio sirviente ''Providencia'' como en cuanto al dominante, o sean las doce cuer-

das segregadas, las que recibieron el nombre de "El Ejemplo."

A la muerte de Don Rodulfó Pérez Polanco, la finca "Providencia" se dividió entre sus herederos, siendo adjudicada a su hija Doña Julia Ana María Pérez y Sánchez una porción de 53 cuerdas, 75 centavos de otra, que como finca independiente, y con el nombre de "Vega del Recreo," fué inscrita en el registro de la propiedad, sin que se expresara la condición estipulada en el contrato de segregación y venta que hizo su padre al Señor Roig.

En esta situación las cosas, y no estando cancelada la inscripción de servidumbre sobre el remanente de la "Providencia" después de la segregación y venta de las doce cuerdas, ha presentado ahora Don Antonio Roig Torrellas al Registrador de la Propiedad de Humacao, la citada escritura de 15 de noviembre de 1896 con un escrito en el que le pedía hiciera constar en la finca "Vega del Recreo," adquirida por Doña Julia Ana María Pérez y Sánchez a título de adjudicación por herencia testada, la servidumbre estipulada en dicha escritura, por ser una parte del predio sirviente que se llamó "Providencia," y en razón a que si un predio sirviente se divide entre dos o más, la servidumbre no se modifica y cada uno de ellos tiene que tolerarla en la parte que le corresponda.

Esa solicitud fué denegada por el registrador en los siguientes términos:

"Denegada la inscripción de servidumbre que en virtud de la cláusula sexta de este documento ha sido solicitada en un escrito adicional en cuanto a una finca llamada "Vega del Recreo" sita en el barrio de la "Teja" de este término y compuesta de 53 cuerdas 75 centavos, como parte que era de la finca 'Providencia,' por aparecer que la citada finca 'Vega del Recreo,' fué inscrita a favor de Doña Julia Ana María Pérez y Sánchez, libre de dicha servidumbre, por virtud de un título posterior al de constitución de la misma (Art. 17 de la Ley Hipotecaria), tomando en su lugar anotación por 120 días que dispone la ley, en el tomo 28 de Humacao, al folio 151 vuelto, finca

número 1199, anotación 'A.'    Humacao, 15 de mayo de 1911.    Miguel
Planellas, Registrador de la Propiedad.''

Tal negativa ha sido recurrida por el Sr. Roig Torrellas
y es el objeto del presente recurso.

El párrafo primero del artículo 17 de la Ley Hipotecaria
en que funda su negativa el registrador de la propiedad, dice
textualmente:

''Inscrito o anotado preventivamente en el registro cualquier título
traslativo de dominio o de la posesión de los inmuebles, o de los dere-
chos reales impuestos sobre los mismos, no podrá inscribirse o anotarse
ningún otro de igual o anterior fecha, por el cual se trasmita o grave
la propiedad del mismo inmueble o derecho real.''

La única cuestión derivada de la negativa del Registra-
dor de la Propiedad de Humacao, es, si por estar inscrita a
favor de Doña Julia Ana María Pérez y Sánchez la finca
''Vega del Recreo,'' debe negarse la inscripción del grava-
men contenido en la cláusula sexta de la escritura de quince
de noviembre de mil ochocientos noventa y seis, por ser ésta
de fecha anterior a la inscripción de dicha señora.

Es cierto que el artículo 17 de la Ley Hipotecaria pro-
hibe la inscripción de títulos traslativos de dominio o que
contenga gravamen, cuando existe una inscripción posterior
a favor de otra persona, pero como tal precepto no tiene otro
propósito y alcance que la protección de los terceros, que es el
objetivo de la Ley Hipotecaria, si la persona en cuyo favor
esté hecha la inscripción no es un tercero, no podrá aplicarse
ese precepto legal.

Del asiento de inscripción de Doña Julia A. María Pérez
y Sánchez resulta que su finca ''Vega del Recreo,'' es una de
las porciones en que se dividió la finca ''Providencia'' sobre
la que Don Rodulfo León Pérez y Polanco constituyó el gra-
vamen que se trata de inscribir, y también que su adquisi-
ción fué por título de herencia universal como hija del dicho
señor; y como los herederos son la representación jurídica
de su causante con sus mismos derechos y obligaciones, siendo

los continuadores de su personalidad, no tienen el carácter de terceros, según las sentencias del Tribunal Supremo de España de 15 de abril, 6 de junio de 1899, 28 de enero de 1892, y el haber inscrito su dominio por título de herencia no es obstáculo para que una enajenación o un gravamen de fecha anterior a su inscripción, otorgado por su causante, pueda ser inscrito aunque se presente después de la inscripción del heredero, porque no pudiendo su causante oponerse a la inscripción, tampoco pueden hacerlo sus herederos, ya que siendo sus representantes, tienen la misma obligación que él tenía de consentir la inscripción.

Aun cuando el recurrente aduce también en apoyo de su recurso lo dispuesto en el artículo 542 del Código Civil, no tenemos necesidad de resolver sobre este extremo, ya que, como hemos dicho, la negativa la ha fundado el registrador únicamente en existir una inscripción posterior a favor de la Señora Pérez y no se basa en que las diversas porciones en que se divida un predio gravado con una servidumbre no deban tolerarla.

Por las razones expuestas, la nota denegatoria del Registrador de la Propiedad de Humacao, debe ser revocada y debe ordenarse la inscripción solicitada por Don Antonio Roig Torrellas.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.