G. Martínez y Compañía, Demandante y Apelante, v. Roig, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre nulidad de inscripción.

No. 1270.—Resuelto en enero 28, 1916.

Servidumbre de Paso—Predio Dominante—Predio Sirviente—Inscripción en el Registro—Terceros—Cancelación de Inscripción.—Por escritura pública que fué inscrita en el registro, cierta porción que lleva el nombre "El Ejemplo" fué segregada de una hacienda denominada "Providencia," y vendida bajo ciertos pactos entre los cuales figuró el de que el vendedor se obligaba a permitir por los terrenos de la hacienda, y sin perjuicio de sus plantaciones, los caminos que considerare necesarios el comprador. Muerto el vendedor, se adjudicó a uno de sus hijos una porción de la hacienda que como finca independiente y denominada "Vega del Recreo' fué inscrita en el registro. Posteriormente, en un contrato de préstamo con garantía hecho por escritura entre el heredero y el mismo comprador, se convino en ciertas renuncias de derechos que pudieran corresponder a cada uno por virtud de la escritura de venta de la finca "El Ejemplo," reservándose el comprador "únicamente la servidumbre de paso" que fué también inscrita. Ahora se pide por los actuales dueños de la finca "Vega del Recreo," quienes la obtuvieron por compra al heredero, la nulidad de la inscripción y cancelación en el registro. *Se resolvió:*

1. Que por la escritura de venta de la finca "El Ejemplo' fué la intención de las partes constituir, y se constituyó, una servidumbre de paso o camino en favor de dicha finca como predio dominante, y sobre la hacienda "Providencia" como predio sirviente, haciéndose necesaria la servidumbre por quedar la finca "El Ejemplo" dentro de la hacienda "Providencia." Artículo 574 del Código Civil.

2. Que por la otra escritura otorgada al hacerse el contrato de préstamo con garantía, no sólo quedó subsistente la servidumbre, sino que fué confirmada con respecto a la finca "Vega del Recreo," servidumbre que hubiera afectado siempre a la expresada finca por ser parte de la hacienda "Providencia." Artículo 542 del Código Civil.

3. Que atendidos los términos en que está redactada la escritura, no envuelve obligación personal o promesa por parte del vendedor a favor del comprador de constituir servidumbre de paso, sino la constitución de un derecho real de servidumbre, derecho sujeto a inscripción con arreglo al No. 2 del artículo 2 de la Ley Hipotecaria.

4. Que la inscripción de servidumbre de que se trata contiene todos los elementos que integran un derecho real de servidumbre, no estando comprendida en los casos de nulidad a que se refiere el artículo 30 de la Ley Hipotecaria.

5. Que constituída una servidumbre por el causante sobre la totalidad de una finca, la cual por muerte de dicho causante pasa a sus herederos, y uno de éstos inscribe la parte que le ha sido adjudicada como finca propia, como

este heredero no es un tercero, sino que es la continuación de la personalidad del causante, dicha inscripción no impide el que el dueño del predio dominante obtenga que se inscriba dicha servidumbre sobre la parte que el heredero inscribió a nombre propio.

6. Que los demandantes en este pleito no pueden alegar su condición de terceros para pedir la nulidad de la inscripción de servidumbre sobre la finca ''Vega del Recreo'' de que son dueños, porque del registro que es la garantía para la contratación sobre bienes inmuebles, aparece claramente la existencia del gravamen de servidumbre de paso sobre la finca ''Providencia.''

7. Que el derecho inscrito de que se trata no se ha extinguido y, en su consecuencia, es improcedente su cancelación en el registro con arreglo al artículo 79, No. 2, de la Ley Hipotecaria; no siendo de aplicación el artículo 1224 del Código Civil porque no se trata de un derecho personal.

8. Que cuando en el ejercicio de un derecho de servidumbre surge algún conflicto entre las partes interesadas, éste puede ser decidido por la misma voluntad de las partes o por mediación de la corte de justicia competente.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. López del Valle, Rafael López Landrón y Juan Gregory.*

Abogado del apelado: *Sr. Francisco González.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia dictada por la Corte de Distrito de Humacao declarando sin lugar demanda sobre nulidad de inscripción de servidumbre y consiguiente cancelación de dicha inscripción en el registro.

Los hechos atinentes al caso que han de servirnos de base para la decisión del recurso, son los que pasamos a exponer:

Por escritura pública No. 227 otorgada en la ciudad de Humacao a 15 de noviembre de 1896 ante el notario Don Marcelino Estévanes Nanclaes, Don Rodulfo Leoncio Pérez y Polanco dueño de la hacienda ''Providencia'' radicada en el término municipal de la referida ciudad, segregó de ella una porción compuesta de 12 cuerdas con los edificios, establecimientos, maquinaria y dependencias ubicadas en esa porción y la vendió a Don Antonio Roig Torrellas bajo ciertos pactos entre los cuales es de transcribirse el consignado en la cláusula 6ª. de dicha escritura que dice así:

''El Don Rodulfo se obliga a permitir por los terrenos de su finca 'Providencia' y sin perjuicio de sus plantaciones, los caminos que con-

sidere necesarios el Sr. Roig quien a su vez se compromete a facilitar al Don Rodulfo preferentemente y sin retribución alguna vías férreas tan pronto como éstas sean instaladas en la finca  *  *  *.''

Las colindancias de la finca segregada de la ''Providencia'' y que desde entonces se llamó ''El Ejemplo,'' según se expresan en la escritura, son:

''Por el norte con la quebrada Mariana que la separa de más terrenos de la finca principal 'Providencia,' por el este con el camino vecinal del barrio de Mariana que la separa de más terrenos de la finca 'Providencia,' por el sur con el mismo camino y una zanja que la separa de la hacienda 'Providencia,' y por el oeste, con otros terrenos de la predicha hacienda 'Providencia.' ''

El contrato de compraventa fué inscrito en el tomo 14 de Humacao, al folio 101, finca número 674, inscripción 1ª., y la servidumbre a que se refiere la cláusula 6ª., en los tomos 13 y 14 de Humacao, a los folios 81 vuelto y 103 vuelto, fincas números 633 y 674, inscripciones 4ª. y 2ª., respectivamente. La finca No. 633 es la denominada ''Providencia'' y la número 674 es la segregada que recibió el nombre de ''El Ejemplo.''

Muerto Don Rodulfo Leoncio Pérez Polanco fué adjudicada a su hija Doña Julia Ana María Pérez y Sánchez una porción de la hacienda ''Providencia'' compuesta de 53 cuerdas 75 centavos de otra, que como finca independiente y con el nombre de ''Vega del Recreo'' fué inscrita en el mismo registro de la propiedad sin expresión de la condición estipulada en la escritura de 15 de noviembre de 1896.

Por otra escritura pública otorgada en Humacao a 21 de agosto de 1902 ante el notario Don Antonio de Aldrey, Doña Julia Ana María Pérez y Sánchez y su esposo Don Emilio Cuadra y Rosa celebraron con Don Antonio Roig Torrellas un contrato de préstamo con garantía de cañas, entre cuyas cláusulas figura una que literalmente dice así:

''7ª. Doña Julia Ana María Pérez y Sánchez con licencia y consentimiento de su esposo el Don Emilio Cuadra y Don Antonio Roig Torrellas, como condición esencial y precisa de este contrato, renun-

cian terminantemente cuantos derechos de todas clases pudieran corres-
ponderles a cada uno de ellos por virtud de la escritura No. 227
otorgada en esta ciudad a 15 de noviembre de 1896 ante el notario
Don Marcelino Estévanes, de venta de la hacienda 'Providencia' antes,
hoy 'El Ejemplo,' otorgada por Don Rodulfo Leoncio Pérez y Polanco,
padre de la Doña Julia, a favor del Sr. Roig, quien se reserva única-
mente la servidumbre de paso que tiene por los terrenos de la com-
pareciente con relación a la central 'El Ejemplo' de su propiedad,
comprometiéndose ambos a no hacer en ningún tiempo reclamación
alguna por el indicado concepto."

Habiendo solicitado Don Antonio Roig Torrellas del re-
gistrador de Humacao en escrito de fecha 26 de noviembre,
1910, que por virtud de lo convenido en la cláusula 7ª. de la
escritura de 21 de agosto, 1902, que acompañaba, se inscri-
biera sobre la finca "Vega del Recreo," propiedad de Doña
Julia Ana María Pérez y Sánchez, la servidumbre de paso que
con relación a la hacienda "El Ejemplo" de Don Antonio
Roig, constituyera Don Rodulfo Leoncio Pérez sobre la finca
"Providencia" el registrador al margen del asiento de pre-
sentación de dicho escrito extendió la siguiente nota:

"La inscripción de ratificación de servidumbre que se solicita con
los documentos del asiento adjunto ha sido denegada de conformidad
con la resolución de 27 de junio, 1864, por cuanto no aparece men-
cionada en la finca 'Vega del Recreo' la servidumbre y no consta la
anuencia de la propietaria para el establecimiento, pues la cláusula
7ª. del documento presentado es condición esencial de un contrato
cuyo objeto no fué el reconocimiento expreso de servidumbre alguna
sobre dicha finca; y se ha tomado anotación por 120 días en el tomo
21 de Humacao al folio 169, finca 848, triplicado, anotación letra A.
Humacao, 4 de enero de 1911.   Planellas."

Posteriormente con escrito de 5 de mayo, 1911, Don An-
tonio Roig Torrellas presentó al mismo registrador la escri-
tura de 15 de noviembre de 1896 solicitando se inscribiera
sobre la finca llamada "Vega del Recreo" que fue segregada
de la hacienda "Providencia," la servidumbre de paso que so-
bre ésta constituyera su dueño a favor de "El Ejemplo" del
Sr. Roig, y al margen del asiento de presentación del escrito

y documento aludidos estampó el registrador la siguiente nota:

"Se deniega la inscripción a que se contraen los documentos del asiento adjunto por aparecer que la finca 'Vega del Recreo' fué inscrita a favor de Doña Julia Ana María Pérez Sánchez libre de la servidumbre a que se refieren dichos documentos, por virtud de un título posterior al de constitución de la misma, artículo 17 L. H., tomándose en su lugar la anotación por 120 días que dispone la ley, en el tomo 28 de Humacao, al folio 151 vuelto, finca 1199, anotación A.   Humacao, 15 de mayo de 1911.   Planellas.''

Contra la nota que dejamos transcrita se interpuso recurso gubernativo por Don Antonio Roig Torrellas y esta corte revocó la expresada nota por resolución de octubre 11, 1911, ordenando la inscripción solicitada.

Denegada nuevamente la inscripción de servidumbre por el registrador en atención a encontrarse la finca "Vega del Recreo" inscrita en el registro a favor de G. Martínez y Cía., libre de esa carga, se interpuso otra vez por Roig Torrellas recurso contra aquella denegatoria para ante esta Corte Suprema, la cual por resolución de 25 de enero, 1912, revocó la nota recurrida, ordenando la inscripción de la servidumbre sobre la finca "Vega del Recreo," como así lo verificó el registrador.

Esa inscripción es la que ha dado lugar a la demanda interpuesta en el presente caso por G. Martínez y Cía. contra Antonio Roig Torrellas en la que la demandante como dueña actual de la finca "Vega del Recreo" solicita se declare la nulidad de la inscripción y se ordene su cancelación en el registro, condenando al demandado a pagar todas las costas, gastos, desembolsos y honorarios de abogado si se opusiere a la demanda.

Opúsose la parte demandada a la pretensión de la demandante, y celebrado el juicio la corte dictó sentencia en 16 de julio de 1914, declarando sin lugar la demanda con imposición de costas a la parte actora, contra cuya sentencia ha interpuesto la sociedad G. Martínez y Cía. el presente recurso.

Alega la parte apelante como motivos del recurso, los siguientes:

*Primero.* Error de la corte inferior al declarar que por la cláusula 6ª. de la escritura de 15 de noviembre de 1896 se constituyó una servidumbre y que fué debidamente inscrita en el registro de acuerdo con el artículo 13 de la Ley Hipotecaria.

*Segundo.* Infracción del artículo 30 de la Ley Hipotecaria en relación con el 9, número 2º., de la misma.

*Tercero.* Aplicación indebida al número 2º. del artículo 2 de la Ley Hipotecaria al estimar que la escritura de 15 de noviembre de 1896 es un título en que se ha constituído servidumbre de caminos o de paso cuando sólo se estipuló una obligación personal de constituir la servidumbre de ese nombre.

*Cuarto.* Infracción de la ley suprema del contrato celebrado entre las partes y consignado en la escritura de 15 de noviembre de 1896, al estimar carga real perpetua e indefinida la obligación personal de constituir servidumbre por diez años.

*Quinto.* Infracción de los artículos 17 y 79, número 2º., de la Ley Hipotecaria, y 1224 del Código Civil.

Examinemos conjuntamente los motivos del recurso por la estrecha relación que guardan entre sí.

Es indudable, como dice el juez sentenciador, que al otorgarse la escritura No. 227 de 15 de noviembre de 1896 se constituyó una servidumbre a favor de la finca "El Ejemplo" como predio dominante y sobre la finca "Providencia" como predio sirviente, siendo esa servidumbre la de paso o camino. Los términos en que está redactada la cláusula 6ª. de aquella escritura son claros y no dejan duda de la intención de los contratantes. La finca "El Ejemplo" que en virtud de dicha escritura vino a constituir una finca independiente, quedaba encerrada dentro de la finca "Providencia" como lo revelan sus colindancias, y por tanto se hacía necesaria la cláusula en cuestión. Artículo 574 del Código Civil.

Y esa servidumbre quedó subsistente y fué confirmada respecto de la finca "Vega del Recreo," parte de la "Providencia" que adquirió por herencia de su padre Doña Julia Ana María Pérez y Sánchez, según lo demuestra la escritura de 28 de agosto de 1902 en que Don Antonio Roig, al renunciar otros derechos que le otorgaba la escritura de 15 de noviembre de 1896, se reservó la servidumbre de paso que tenía por los terrenos de la finca "Vega del Recreo" con relación a la Central "El Ejemplo."

Pero aunque Don Antonio Roig Torrellas no se hubiera reservado en la escritura de 21 de agosto de 1902, con el consentimiento de Doña Julia Ana María Pérez y Sánchez, la servidumbre de paso que tenía sobre la finca de ésta titulada "Vega del Recreo," esa servidumbre hubiera afectado siempre a la expresada finca "Vega del Recreo" por ser parte de la hacienda "Providencia" sobre la que Don Rodulfo Leoncio Pérez constituyó servidumbre a favor de la finca "El Ejemplo," vendida por él a Roig Torrellas.

Habiendo constituído Don Rodulfo Leoncio Pérez por la cláusula 6ª. de la escritura de 15 de noviembre, 1896, un derecho real de servidumbre sobre la finca de su propiedad denominada "Providencia" a favor de la finca que con el nombre de "El Ejemplo" vendió a Don Antonio Roig Torrellas, y siendo la finca "Vega del Recreo" que adquirió Doña Julia Ana María Pérez y Sánchez por título hereditario de su difunto padre Don Leoncio Pérez, parte de la finca "Providencia," el derecho real de servidumbre tenía que afectar también a la finca "Vega del Recreo," con arreglo al artículo 542 del Código Civil que dice así:

"Las servidumbres son indivisibles. Si el predio sirviente se divide en dos o más la servidumbre no se modifica y cada uno de ellos tiene que tolerarla en la parte que le corresponda."

No se ha justificado en el presente juicio ni siquiera se ha alegado que la finca "Vega del Recreo" deba ser exenta de la servidumbre a que se refiere la cláusula 6ª. de la escri-

tura de noviembre 15, 1896. Se niega en absoluto por el apelante el gravamen de servidumbre sobre ella. Esa es la cuestión legal a debatir.

La expresada cláusula, atendidos los términos en que está redactada, no envuelve obligación personal o promesa por parte de Don Rodulfo L. Pérez a favor de Don Antonio Roig Torrellas de constituir servidumbre de paso, sino la constitución de una derecho real de servidumbre de la finca "Providencia," a favor de la finca "El Ejemplo," derecho sujeto a inscripción con arreglo al número 2º. del artículo 2 de la Ley Hipotecaria que enumera entre otros títulos sujetos a inscripción los constitutivos de servidumbre.

El artículo 536 del Código Civil define la servidumbre en los siguientes términos:

"Art. 536.—La servidumbre es un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño.

"El inmueble a cuyo favor está constituída la servidumbre se llama predio dominante; el que la sufre, predio sirviente."

Comentando el Sr. Manresa la definición comprendida en el artículo 530 del Código Civil Español, llega a esta conclusión:

"Tenemos, pues, como requisitos de las servidumbres definidas en el artículo 530: 1º. La existencia de dos predios pertenecientes a distinto dueño. 2º. Algo que se pierde por el uno y se agrega al otro, o un gravamen que, afectando a uno de los inmuebles y limitando el derecho sobre él, beneficia al otro inmueble, o por consideración a éste, a su propietario.

"Puesto que se trata de dos inmuebles, es indispensable saber cuáles son; es indispensable que las fincas sean *determinadas*. Así los respectivos poseedores conocerán el objeto material sobre que recae su derecho o su deber, como también el límite y la extensión de los mismos."

La cláusula 6ª. de la escritura de 15 de noviembre de 1896 contiene todos los elementos que integran el derecho real de servidumbre. En ella se describen tanto el predio dominante

como el sirviente y se especifica la naturaleza del derecho
que se establece.  No hay razón alguna legal que pueda vi-
ciar de nulidad la constitución del derecho de servidumbre
reconocido por Rodulfo Leoncio Pérez a favor de Don An-
tonio Roig Torrellas.

La parte apelante, al invocar como infringido el artículo
30 de la Ley Hipotecaria, según el cual ''las inscripciones
de los títulos expresados en los artículos 2º. y 5º. serán nulas
cuando carezcan de las circunstancias comprendidas en los
números 1º., 2º., 3º., 4º., 5º., 6º. y 8º. del artículo 9; y en el
número 1º. del artículo 13,'' ha hecho caso omiso del artículo
32 de la misma ley que dice así:

''Art. 32.—Se entenderá que carece la inscripción de alguna de
las circunstancias comprendidas en los números y artículos citados
en el artículo 30, no solamente cuando se omita hacer mención en ella
de todos los requisitos expresados en cada uno de los mismos artículos
o números, sino también cuando se expresen con tal inexactitud, que
pueda ser por ello el tercero inducido a error sobre el objeto de la
circunstancia misma, y perjudicado, además, en su consecuencia.

''Cuando la inexactitud no fuese sustancial conforme a lo preve-
nido en el párrafo anterior, o la omisión no fuese de todas las circuns-
tancias comprendidas en alguno de los referidos números o artículos,
no se declarará la nulidad sino en el caso de que llegue a producir el
error y el perjuicio.''

Comentando los señores Galindo y Escosura igual artículo
de la Ley Hipotecaria de España, se expresan en los siguien-
tes términos:

''Si faltasen *todos* los requisitos que forman una circunstancia o
número de los citados en el artículo 30 refiriéndose al 9º., o se expresa-
ran con tal inexactitud que por ello pudiera ser inducido a error un
tercero, sobre el objeto de la circunstancia o número, y perjudi-
cado en su consecuencia, será nula la inscripción, y si sólo faltare
*alguno* de los que comprende la circunstancia o número, o se expresase
con inexactitud aunque fuera sustancial, sólo se declararía la nulidad
cuando *se produjeran* el error y perjuicio a tercero.''

Comentarios de la Legislación Hipotecaria, 4ª. edición, Tomo II,
páginas 354 y 355.

Y más adelante, al folio 357 del mismo tomo, añaden aquellos ilustrados comentaristas:

"Concretando lo dispuesto en el artículo 32 refiriéndose al 30, la inscripción será nula:

"1º. Cuando se omita hacer mención en ella de *todos los requisitos* expresados en cada una de las circunstancias o números citados en el 30.

"2º. Cuando todos los requisitos comprendidos en la circunstancia o número, se expresen con tal inexactitud, que pueda por ello un tercero ser inducido a error sobre el objeto del número mismo y perjudicado en su consecuencia.

"3º. Cuando se produzcan el error y perjuicio, si la inexactitud de todos los requisitos no es sustancial, o si siéndolo se limita a un solo requisito.

"4º. Cuando la omisión, aunque no sea de *todos los requisitos* de la circunstancia o número, llegue a producir el error y el perjuicio."

La inscripción de la servidumbre de que se trata, conforme con la cláusula 6ª. de la escritura de 15 de noviembre de 1896, cuya cláusula, según hemos dicho antes, contiene todos los elementos que integran el derecho real de servidumbre, no está comprendida en los casos de nulidad a que se refiere el artículo 30, pues no aparece que se haya omitido hacer mención en ella de todos los requisitos aludidos en cada uno de los artículos o números citados en dicho artículo 30, ni que se hayan expresado con inexactitud induciendo a un tercero a error y perjudicándole en su consecuencia, ni que haya habido alguna omisión causante realmente de error y perjuicio. La inscripción de servidumbre se hizo constar no sólo en la hoja destinada a las inscripciones del predio dominante sino también en la hoja destinada a las inscripciones del predio sirviente, según previene el artículo 13.

Por lo que toca a infracción del artículo 17 de la Ley Hipotecaria, al verificarse la inscripción de la servidumbre sobre la finca "Vega del Recreo" cuando estaba inscrita dicha finca sin tal gravamen a favor de Doña Julia Ana María Pérez y Sánchez, causante de la sociedad demandante, bástenos reproducir lo que ya dijimos al resolver en 11 de

octubre de 1911 recurso gubernativo interpuesto contra el
Registrador de Humacao por Don Antonio Roig Torrellas
contra nota denegatoria de la inscripción de la servidumbre
a que se refiere la cláusula 6ª. transcrita de la escritura de
15 de noviembre de 1896 en cuanto a la finca "Vega del
Recreo":

"Del asiento de inscripción de Doña Julia A. María Pérez y Sán-
chez resulta que su finca 'Vega del Recreo' es una de las porciones
en que se dividió la finca 'Providencia' sobre la que Don Rodulfo
Leoncio Pérez Polanco constituyó el gravamen que se trata de ins-
cribir, y también que su adquisición fué por título de herencia
universal como hija del dicho señor, y como los herederos son la repre-
sentación jurídica de su causante con sus mismos derechos y obli-
gaciones siendo los continuadores de su personalidad, no tienen el
carácter de terceros según las sentencias del Tribunal Supremo de
España de 15 de abril, 6 de julio, 1899, 28 de enero de 1892, y el
haber inscrito su dominio por título de herencia no es obstáculo para
que una enajenación o un gravamen de fecha anterior a su inscrip-
ción, otorgado por su causante, pueda ser inscrito aunque se presente
después de la inscripción del heredero, porque no pudiendo su causante
oponerse a la inscripción, tampoco pueden hacerlo sus herederos, ya
que siendo sus representantes tienen la misma obligación que él tenía
de consentir la inscripción." *Roig v. El Registrador de la Pro-
piedad,* 17 D. P. R. 954.

Los demandantes apelantes G. Martínez y Cía. no pueden
alegar su condición de terceros para pedir la nulidad de la
inscripción de servidumbre sobre la finca "Vega del Recreo"
de que son dueños, pues del registro de la propiedad que
es la garantía para la contratación sobre bienes inmuebles,
aparecía claramente la existencia del gravamen de servidum-
bre de paso sobre la finca "Providencia," y si constaba de
tal suerte inscrita la servidumbre sobre dicha finca, todas las
parcelas de ella segregadas y, por tanto, la finca "Vega del
Recreo," estaban afectas al mismo gravamen, sin que el
hecho de que el registrador dejara de relacionar esa carga
en la inscripción de la finca "Vega del Recreo" fuera mo-
tivo para que dejara de existir semejante gravamen.

G. Martínez y Cía. tenían el derecho al verificar la com-

pra de la finca "Vega del Recreo," de examinar no solamente la inscripción de esa finca, sino la de la finca principal de donde fué segregada; y si así no lo hicieron, cúlpense a sí mismos de las consecuencias de su negligencia.

Sostienen los apelantes que la obligación a que se refiere la cláusula 6ª. de la escritura de 15 de noviembre de 1896 de permitirse paso a la finca "El Ejemplo" por la finca "Providencia," sólo había de durar diez años, o sea, el tiempo que durara el contrato de molienda o aparcería celebrado también por Rodulfo Leoncio Pérez y Antonio Roig Torrellas en la misma escritura.

Hemos examinado detenidamente las cláusulas de la escritura concernientes a la molienda de cañas en relación con la cláusula constitutiva del gravamen de servidumbre y estimamos destituída de fundamento la alegación de la sociedad apelante.

Los términos de la cláusula 6ª. son generales y en ese sentido de generalidad han sido interpretados por Don Antonio Roig Torrellas y Doña Julia Ana María Pérez y Sánchez en la escritura posterior de 21 de agosto de 1902 de que hemos hecho mérito anteriormente.

No se ha extinguido, pues, el derecho inscrito, y en su consecuencia es improcedente su cancelación con arreglo al artículo 79, número 2°., de la Ley Hipotecaria; y como no se trata de un derecho personal sino real, tampoco es de aplicación el artículo 1224 del Código Civil que se supone infringido.

Si en el ejercicio del derecho de servidumbre surgiere algún conflicto entre las partes interesadas, ese conflicto puede decidirse por la misma voluntad de las partes o por mediación de la corte de justicia competente.

Es de cònfirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.