Dupont, Demandante y Apelante, *v.* Aybar, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez, en pleito sobre rectificación de inscripciones de matrimonio y defunción.

No. 1593.—Resuelto en mayo 24, 1917.

Registro Civil—Rectificaciones en las Actas—Matrimonios—Defunciones—Hijos Naturales—Falta de Causa de Acción.—No pueden ordenarse rectificaciones en las actas del registro civil concernientes al matrimonio y defunción de una persona, para que se consigne su calidad de hijo natural reconocido de un presunto padre demandante si no existe un documento justificativo del reconocimiento en forma auténtica y fehaciente, y por tanto no aduce hechos suficientes para constituir una causa de acción la demanda para que se ordene por nota marginal dicha rectificación cuando no contiene alegación alguna sobre el reconocimiento natural por el presunto padre en la forma expresada.

Id.—Actas del Registro Civil—Documentos Públicos—Prueba Contra Tercero—Filiación.—La filiación de una persona, sin expresión de clase, consignada en su acta de matrimonio, que envuelve el concepto de filiación legítima, y la filiación legítima es de la misma consignada en su acta de defunción, en cuyos documentos no intervino el presunto padre natural demandante que interesa la rectificación de dichas actas, no son prueba concluyente de la filiación legítima de dicha persona con relación al padre natural. Tales errores ni le favorecen ni le perjudican, pues las actas de matrimonio y defunción de una persona, aunque documentos públicos, sólo hacen prueba contra tercero que no intervino en ellas, de los hechos que motivaron su otorgamiento, o sea del matrimonio, y de la defunción, y de su fecha, según el artículo 1186 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado de la apelada: *Sr. Abraham Peña.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 4 de octubre de 1916 presentó demanda a la

Corte de Distrito de Mayagüez Gregorio Dupont, y son sus alegaciones fundamentales las siguientes:

Que Silvestre Dupont contrajo matrimonio en 10 de marzo de 1908 con Inéz Rita Aybar y en el acta de ese matrimonio extendida en el registro civil de dicha ciudad declaró aquél ser hijo del demandante y de Francisca Segarra, sin especicar la clase de filiación; que Silvestre Dupont falleció en 25 de abril de 1915 y equivocadamente se hizo constar en el acta de su defunción ser hijo legítimo del demandante y de Francisca Segarra, cuando solamente era hijo natural; que por resolución de la Corte de Distrito de Mayagüez de 30 de noviembre de 1915, la demandada Inés Rita Aybar fué declarada única y universal heredera de Silvestre Dupont; que Silvestre Dupont no era hijo legítimo ni legitimado de Gregorio Dupont y de Francisca Segarra, pues éstos nunca contrajeron matrimonio, pero fué procreado y nacido en época en que sus padres eran solteros y podían casarse sin dispensa alguna; que Silvestre Dupont nació en 31 de diciembre de 1880, en la casa del demandante y fué bautizado en la iglesia parroquial de Mayagüez, para cuyo acto lo presentó el mismo demandante en su carácter de padre al Párroco de dicha iglesia, no habiéndose practicado en los libros de dicha iglesia por olvido involuntario asiento alguno sobre el nacimiento y bautizo de Silvestre Dupont; y que los erro- res cometidos en las actas de matrimonio y defunción de Silvestre Dupont son esenciales para los derechos del de- mandante en su condición de padre natural del Silvestre, y tiene interés en su rectificación por tener otros hijos de filia- ción natural.

La demanda concluye con la súplica de que se dicte sen- tencia ordenando sean rectificadas por el encargado del Re- gistro Civil de Mayagüez las actas de matrimonio y defun- ción de Silvestre Dupont en el sentido de hacer constar en ambas por notas marginales que Silvestre Dupont era hijo

natural reconocido de Gregorio Dupont, con costas, desembolsos y honorarios de abogado a cargo de la demandada.

A la anterior demanda opuso la demandada Inés Rita Aybar como excepciones previas la de que el demandante no tiene capacidad para demandar, la de que la demanda no aduce hechos suficientes para determinar una causa de acción, y la de que la acción del demandante ha prescrito de acuerdo con los artículos 133 y 137 del Código Civil de 1889, y 193 y 194 del Código Civil Revisado, disposición 4ª. transitoria de ese código y la Ley 11ª. de Toro.

La corte dictó resolución en 7 de diciembre de 1916 y por ella sostiene la excepción de que la demanda no aduce hechos suficientes para constituir una causa de acción, consignando como fundamento de dicha resolución "que en la demanda presentada interesa el demandante que se hagan ciertas rectificaciones en las actas de matrimonio y defunción de Silvestre Dupont, que en sí implican el reconocimiento del mismo como hijo natural del demandante con todos los derechos inherentes al estado de padre natural, o sea con derecho a la herencia del mismo, ejercitándose, por lo tanto, por el demandante bajo el pretexto de tales rectificaciones una acción de filiación, y esa acción ni siquiera existe en nuestra legislación."

Con fecha del siguiente día 8 de diciembre, la corte, a moción de la parte demandante dictó sentencia por la que de acuerdo con la resolución mencionada ordena el sobreseimiento y archivo del pleito, contra cuya sentencia interpuso la representación del demandante recurso de apelación para ante esta Corte Suprema.

Alega el apelante que la corte cometió error al declarar que la demanda no aduce hechos suficientes para determinar una causa de acción. Afirma que en la demanda no ejercita acción de filiación porque ésta no existe en nuestro derecho por parte de los padres con relación a sus hijos, pudiendo los padres únicamente hacer una declaración solemne res-

pecto al nacimiento del hijo natural, y sostiene que lo que interesa es la rectificación por medio de un juicio ante tribunal competente, de las actas del registro civil concernientes al matrimonio y defunción de  Silvestre Dupont.

El demandante no pretende según afirma que se le declare padre natural de Silvestre Dupont; pero interesa que en las actas de matrimonio y defunción de éste se consigne su calidad de hijo natural reconocido del demandante, rectificando así dichas actas.  Esas rectificaciones no pueden ordenarse sin que existe un documento justificativo del reconocimiento de Silvestre Dupont por el demandante en forma auténtica y fehaciente.  La demanda no contiene alegación alguna sobre el reconocimiento de hijo natural de Silvestre Dupont por el demandante en la forma expresada y, por tanto, es fatalmente defectuosa al fin apetecido de que se haga constar en el registro civil la filiación natural de Silvestre Dupont en relación con el demandante.

No vemos que los errores de las actas de matrimonio y defunción a cuya rectificación aspira Gregorio Dupont causen a éste un perjuicio real y efectivo, pues la filiación de Silvestre Dupont, sin expresión de clase, consignada en su acta de matrimonio, que envuelve el concepto de filiación legítima, *Díaz* v. *Porto Rico Railway, Light & Power Company,* 21 D. P. R. 78, y la filiación legítima del mismo consignada en su acta de defunción, en cuyos documentos no intervino el demandante, no son prueba concluyente de la filiación legítima de Silvestre Dupont con relación a su presunto padre.

Dichas actas, que son documentos públicos, sólo hacen prueba contra el demandante, que no intervino en ellas, de los hechos que motivaron su otorgamiento y de la fecha de éste, según el artículo 1186 del Código Civil, o sea de su matrimonio y de su muerte, y las manifestaciones que en ellas aparecen relativas a la filiación legítima de Silvestre Dupont, impugnadas por el demandante, ni le perjudican ni le favorecen, admitiendo como debemos admitir ser ciertos a los

efectos de la excepción de falta de acción, que Gregorio Dupont y Francisca Segarra nunca contrajeron matrimonio.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.