# CASOS RESUELTOS

## EN LA

# CORTE SUPREMA DE PUERTO RICO

---

LÓPEZ, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo, denegatoria de la inscripción de una escritura de compra-venta.

No. 473.—Resuelto en enero 10, 1921.

TERCEROS—INSCRIPCIÓN POSTERIOR A FAVOR DE PERSONA DISTINTA.—La inscripción a título hereditario de una finca ganancial, a favor del esposo y una hija como únicos herederos testamentarios, no impide la inscripción de la venta de una parcela de tal finca, otorgada anteriormente por los cónyuges. El artículo 17 de la Ley Hipotecaria, cuyo fin es la protección de terceros, no es de aplicación cuando el título inscrito lo ha sido a favor de los herederos, quienes no son personas distintas del causante sino más bien la continuación de su personalidad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco de Jesús.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Resulta de los libros del Registro de la Propiedad de Arecibo que Valerio Colón Cordero compró una finca de noventa·cuerdas durante su matrimonio con Juana Sánchez, finca que está radicada en el barrio de Barahona, sitio denominado Cobachuelas del término municipal de Morovis. Ambos cónyuges vendieron en el año 1911 veinte y cinco cuerdas de dicho predio a María López quien presentó su título para inscripción en el registro de la propiedad .en el año 1920, cuando por haber muerto Juana Sánchez se había hecho en la finca la inscripción de su testamento por el cual

1

instituyó como sus únicos y universales herederos a su esposo Valerio Colón y a su hija legítima Valeria Colón Sánchez de acuerdo con las prescripciones de la ley y en las partes proporcionales que deben corresponderle.

Fundándose el registrador en este estado de cosas en el registro negó la inscripción del título de María López por entender que la finca se halla inscrita actualmente a favor de personas distintas de los vendedores.

Si bien el artículo 17 de la Ley Hipotecaria citado por el registrador en su alegato escrito dispone que inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro título de igual o anterior fecha por el cual se transmita o grave la propiedad del mismo inmueble, tal precepto no es de aplicación al presente caso porque estando inscrita la parte correspondiente a Juana Sánchez en la finca a favor de sus herederos no puede sostenerse que éstos, como tales, sean personas distintas de aquélla, pues los herederos son la continuación de la personalidad jurídica de su causante. Dicho artículo tiene por objeto la protección de terceros y los herederos no tienen este carácter. *Roig* v. *El Registrador de la Propiedad,* 17 D. P. R. 954, citado en *Saldaña* v. *El Registrador,* 19 D. P. R. 132; *G. Martínez y Compañía* v. *Roig,* 23 D. P. R. 471, y *Fajardo Sugar Growers' Association* v. *El Registrador,* 25 D. P. R. 371.

En cuanto al vendedor Valerio Colón Cordero desde luego que tampoco es persona distinta de la que aparece en el registro.

La nota recurrida debe ser revocada y ordenarse la inscripción del documento.

*Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.