Julio Rojo Fabián, recurrente, *v.* El Registrador de Guayama, recurrido.

No. 636.—*Sometido:* Abril 8, 1926. *Resuelto:* Abril 29, 1926.

1. Hipotecas—Registro e Inscripción—Hipotecas Inscribibles—Su Inscripción Después de Fallecido el Hipotecante—Heredero que ha Adquirido e Inscrito Participaciones en el Inmueble Hipotecado—Tercero.—Un adquirente a título oneroso de participaciones en inmuebles hipotecados por su causante no es tercero dentro de la Ley Hipotecaria.

2. Hipotecas—Registro e Inscripción—Hipotecas Inscribibles—Su Inscrip-

CIÓN DESPUÉS DE FALLECIDO EL HIPOTECANTE—HEREDERO QUE HA ADQUIRIDO
E INSCRITO PARTICIPACIONES EN EL INMUEBLE HIPOTECADO—EN GENERAL.—
Inscrita una finca a favor de unos herederos así como la venta de participa-
ciones de algunos de éstos a favor de otro co-heredero, la hipoteca consti-
tuida sobre dicha finca por el causante de aquellos, que se presente a ins-
cripción después de verificadas dichas inscripciones, es inscribible.

3. HIPOTECAS—REGISTRO E INSCRIPCIÓN— HIPOTECAS INSCRIBIBLES — INSCRIPCIÓN
DESPUÉS DE FALLECIDO EL HIPOTECANTE—HEREDERO QUE HA ADQUIRIDO E
INSCRITO PARTICIPACIONES EN EL INMUEBLE HIPOTECADO—ADQUISICIÓN DU-
RANTE EL MATRIMONIO Y EFECTO.—Compradas por un co-heredero, durante
su matrimonio, participaciones que otros herederos tenían en finca que, hipo-
tecada por su causante, no se solicitó la inscripción de la hipoteca hasta
después de inscrita la finca a favor de los herederos así como la venta de
las participaciones mencionadas, la sociedad legal de gananciales constituida
por el adquirente de dichas participaciones no es una entidad distinta al
hipotecante a los efectos de impedir la inscripción de la hipoteca sobre la
totalidad de la finca mencionada.

NOTA de *Pérez Mercado,* R. (Guayama), denegando inscripción de
una hipoteca en cuanto a ciertas participaciones. *Revocada.*

*Francisco Navarro Ortiz,* abogado del recurrente; el registrador
compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Por escritura pública otorgada en diciembre 27, 1921,
Baltasar de Jesús Colón constituyó hipoteca voluntaria por
$2,500, gravando dos fincas de su propiedad, a favor de Ju-
lio Rojo Fabián. La escritura fué presentada al registro
de la propiedad para su inscripción después de haber falle-
cido el hipotecante y de haberse inscrito dichas fincas pro-
indiviso a favor de los herederos y de la venta de las parti-
cipaciones de dos herederos al coheredero Aguedo de Jesús
Ortiz.

El registrador negó la inscripción de la hipoteca en
cuanto a esas dos participaciones, mediante los motivos que
hace constar en su nota, diciendo:

". . . . Denegada la inscripción del propio documento y en lo
que respecta a los dos condominios o participaciones indeterminadas
que en dichas fincas posee don Aguedo de Jesús y Ortiz, que hubo
por compra a sus hermanos doña Benita de Jesús Ortiz y don Fran-
cisco de Jesús y Berríos estando casado aquél con doña Serafina Ló-
pez, por considerarse como tercero dicha sociedad de gananciales y

persona distinta del deudor hipotecario don Baltasar de Jesús Colón, de acuerdo con los arts. 17 y 27 de la Ley Hipotecaria.''

[1, 2] El caso de *Roig* v. *El Registrador*, 17 D.P.R. 954, interpreta el artículo 17 de la Ley Hipotecaria y declara que el heredero como continuador de la persona del causante, no es tercero. Luego siguen fundados en este caso los de *López* v. *El Registrador*, 29 D.P.R. 1; *Saldaña* v. *El Registrador*, 23 D.P.R. 471, y *Fajardo Sugar Growers' Association* v. *El Registrador*, 25 D.P.R. 317, sancionando igual doctrina.

El registrador analizando la jurisprudencia de esta Corte Suprema, se expresa así:

''En el caso de *Roig* vs. *Reg.* citado, que es, según nuestra mejor información, el *leading case* de nuestra jurisprudencia por ser el primero resuelto en lo que a esta doctrina se refiere, se dijo textualmente lo que sigue:

'' 'y el haber inscrito su dominio por título de herencia no es obstáculo para que una enajenación o un gravamen de fecha anterior a su inscripción, otorgado por su causante, pueda ser inscrito aunque se presente después de la inscripción del heredero, porque no pudiendo su causante oponerse a la inscripción, tampoco pueden hacerlo sus herederos, ya que siendo sus representantes, tienen la misma obligación que él tenía de consentir la inscripción.'

''Del transcrito párrafo se desprende con toda claridad que el título de herencia es lo que da margen y abre paso a la inscripción. Una vez que no existe título de herencia, la cuestión es distinta y no puede aplicarse la misma doctrina, aun cuando la persona adquirente siga siendo heredero por otros conceptos, o en otras palabras y con relación a los bienes, aun cuando subsista en él la condición, pero no el título de heredero.

''Por las anteriores razones el Registrador limitó la denegación a los condominios adquiridos por título de compra, e inscribió la hipoteca en cuanto al adquirido por título de herencia.''

La tesis, que como nueva parece plantear el registrador, podíamos resumirla con estas palabras: que la condición de heredero desaparece en lo que respecta a bienes que adquiere a título oneroso, aunque procedan del causante; que-

dando el heredero no como tal, sino como tercero bajo la protección de los artículos 17, 27 y 34 de la Ley Hipotecaria.

Tenemos que convenir que la cuestión suscitada no se presenta bajo el mismo aspecto que lo fué en los casos resueltos por esta Corte Suprema, pues si bien el heredero Aguedo de Jesús Ortiz tiene una participación en las fincas hipotecadas a título de herencia, las dos participaciones objeto de este recurso las hubo por compra a otros coherederos. Aun así la situación, su efecto es aparente, sin cambiar el resultado. El artículo 34 es un precepto que por su carácter de excepción a la regla que establece el artículo 33, su fuerza y vigor descansa en la buena fe y por esa razón aun cuando no resultan del registro las causas o signos aparentes que puedan afectar al adquirente de un inmueble, si aparecen por otro lado las circunstancias especiales o hechos demostrativos de tales causas, defectos o cargas del inmueble, la teoría de inocencia para ser tercero cae por su base. Y éste es el recto sentido que repetidamente se le ha dado por la jurisprudencia al artículo 34. El Tribunal Supremo de España, en sus sentencias de septiembre 29, 1897, y de diciembre 31 1897, interpretando el mismo precepto, dice como sigue:

"Si bien el sentido y espíritu del art. 34 de la Ley Hipotecaria no es tan absoluto que autorice, según repetida jurisprudencia del Tribunal Supremo, para considerar como tercero a quien adquiere un inmueble a sabiendas de las cargas que sobre él pesan, aun cuando del Registro no aparezcan, porque en este supuesto falta el fundamento y razón de la ley, para que a este conocimiento se le pueda atribuir dicha trascendencia legal sin desvirtuar el precepto terminante de la Ley Hipotecaria, es preciso que se revele en actos propios del adquirente o en hechos cuya significación no pueda desconocerse, demostrativos de su asentimiento. (Sent. de 29 de Septiembre 1897.)

"Por regla general del art. 27 de la Ley Hipotecaria, es tercero quien no ha intervenido en el acto o contrato inscrito, y si bien la inscripción no convalida, según el 33, los actos o contratos nulos con arreglo a las leyes, el 34 establece para seguridad de los que hubie-

sen contratado de buena fe a título oneroso, bajo la garantía del Registro de la Propiedad, y sin que por signos aparentes o por circunstancias especiales tuviesen la certeza contraria que sus contratos no se invalidarán, aunque por título anterior no inscrito o por causas que no consten claramente en el Registro, se anule o resuelva el derecho del que lo transmitió. (Sent. de 9 de Diciembre 1897.)'' Odriozola, Diccionario de Jurisprudencia Hipotecaria, págs. 642, 643.

Aguedo de Jesús Ortiz, a pesar de ser un adquirente por título oneroso de las dos participaciones en los inmuebles hipotecados por su causante, él no podía separar de su personalidad su cualidad de heredero y sustraerse a la ficción legal que le encadena a dicho causante como continuador de su persona y cuya circunstancia en sí es significativa de su conocimiento de las cargas impuestas a los inmuebles pertenecientes a la herencia.

El caso que imaginan Galindo y Escosura en sus comentarios al artículo 27 de la Ley Hipotecaria definiendo lo que se entiende por tercero y en que se apoya el registrador, en nada le es favorable. Se supone un heredero que acepta la herencia a beneficio de inventario, y que incluído en éste la finca, se le adjudica y paga las deudas y después se presenta un comprador que no inscribió a su tiempo la finca, y sostienen que el comprador se hallaría, contra el heredero adjudicatario, en el mismo caso que si la finca se hubiera adjudicado a otro acreedor, es decir, sin derecho contra él por no haber inscrito su compra. El ejemplo indica que las excepciones siempre confirman la regla general, y la buena fe, o la ausencia de todo fraude, es lo que sostendría el derecho del heredero en ese caso. Pero la ley además es la que marca la diferencia cuando un heredero acepta pura y simplemente una herencia o lo hace a beneficio de inventario. Los efectos son distintos. Manresa a este respecto dice lo siguiente:

''La aceptación propiamente dicha es en la ley la aceptación pura, que viene a confundir la personalidad jurídica del sucesor con la del causante. Existe, además, una aceptación especial, lla-

mada a beneficio de inventario, por la que el heredero demuestra su voluntad, pero con ciertas restricciones que impiden esa confusión de personalidades y esa sucesión en todas las obligaciones del causante, mediante la separación de patrimonios. El heredero en tal caso conserva su independiente personalidad, y‹ de las cargas de la herencia responden solamente los bienes y derechos que el causante dejó a su fallecimiento.'' Manresa, tomo 7, pág. 311.

Y nada se desprende del récord de este recurso ni se alega por el registrador que el heredero Aguedo de Jesús Ortiz haya aceptado la herencia a beneficio de inventario.

[3] Queda un punto todavía que el registrador considera decisivo y que se refiere a que Aguedo de Jesús Ortiz adquirió los dos condominios siendo casado, y por tanto que dichos condominios pertenecen a la sociedad de gananciales, entidad distinta al hipotecante.

Cualquiera que sea la naturaleza del matrimonio como sociedad, el marido designado por la Ley como administrador de la misma (art. 1327 del Código Civil) actúa como agente de la misma y el conocimiento del agente es el conocimiento de la sociedad en virtud de la regla *respondeat superior*. Además, el marido como tal administrador de la sociedad de gananciales en relación con terceros es la sociedad misma y no hay tal distinción.

*Por todo lo expuesto debe revocarse la nota y ordenarse la inscripción solicitada.*